*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00637-CR

**IN RE** Mathew D. **WARFIELD**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Justice
              Karen Angelini, Justice
              Phylis J. Speedlin, Justice

Delivered and Filed:    September 10, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

On August 20, 2008, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for writ of mandamus; therefore, we deny the motion for leave to file as moot. *See* TEX. R. APP. P. 52.1.

Additionally, on August 20, 2008, relator filed a petition for writ of mandamus, complaining of the trial court's failure to rule on his Motion for Speedy Trial and Motion for Appointment of Counsel. Mr. Edward F. Shaughnessy, III has been appointed to represent relator in the trial court. We conclude that appointed counsel for relator is also his counsel for an original proceeding on the issue presented.

---

[1] This proceeding arises out of Cause No. 2006-CR-8861, styled *The State of Texas v. Mathew D. Warfield*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Catherine Torres-Stahl presiding.

To obtain mandamus relief in a criminal matter, the relator must establish that (1) the act sought to be compelled is ministerial rather than discretionary in nature and (2) there is no adequate remedy at law. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). Respondent has no ministerial duty to rule on relator's pro se motion because relator is represented by appointed counsel, and relator is not entitled to hybrid representation. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). Consequently, the respondent did not violate a ministerial duty by declining to rule on relator's motion. Therefore, this court has determined that relator is not entitled to the relief sought, and the petition is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH